**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                          PLAINTIFF

v.                                              NO. 4:06CR00198 JLH

ANDREA KEITH DODDS                                                                                                  DEFENDANT

**OPINION AND ORDER**

The Government indicted Andrea Keith Dodds in a superseding indictment dated October 12, 2005. The Government charged Dodds with one count of felon in possession of a firearm and one count of distribution of cocaine base. Dodds now moves pursuant to Rule 14 of the Federal Rules of Criminal Procedure to sever the counts because of the possibility of prejudice against him.

Rule 8(a) provides that an indictment

> may charge a defendant in separate counts with two or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

FED. R. CRIM. P. 8(a). The rule is construed in favor of joinder "to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). Joinder is permissible when "'two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each overlaps.'" *United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999) (quoting *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986)). The Eighth Circuit has acknowledged the "existence of a relationship between narcotics dealing and firearms," and although such charges may not always be joined, they are reasonably joined when "the charges are connected temporally or logically." *Id.* at 982. In this case, the Government points out that the charges came as a result of a controlled buy and search; the possession of cocaine led to a warrant for a search that gave rise to the firearm charge. In the course of the search when the weapon was

discovered, Dodds also made a statement regarding his prior drug dealing. The Government also argues that many of the witnesses are the same for both charges.

If the joinder of offenses in an indictment appears to prejudice a defendant or the government, the court may order separate trials of the counts. FED. R. CRIM. P. 14(a). In any proceeding in which the Government tries a single defendant for multiple crimes, the danger of prejudice to the defendant is inherent. *United States v. Kirk*, ___ F.3d ___, No. 07-3215, 2008 WL 2445984, at *4 (8th Cir. June 19, 2008). However, it is unusual for the prejudice resulting from a joint trial to be substantial enough to outweigh the "'general efficiency of joinder.'" *Id.* (quoting *Taken Alive*, 513 F.3d at 903). The Eighth Circuit has recognized that "'a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime.'" *Boyd*, 180 F.3d 981-82 (quoting *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996)); *see also Taken Alive*, 513 F.3d at 903. As discussed above, because the possession of a firearm could be evidence of intent to distribute cocaine, the firearm charge would be probative and admissible in a trial on the cocaine charge. Under Rule 14, the defendant must show that the prejudice caused by a joint trial is "severe and compelling." *Kirk*, 2008 WL 2445984, at *4. "Severe prejudice occurs when a defendant is deprived of 'an appreciable chance for acquittal,' a chance that defendant 'would have had in a severed trial.'" *Id.* (quoting *Boyd*, 180 F.3d at 982). Dodds has not demonstrated the existence of such prejudice in this case. Therefore, his motion to sever is denied.

IT IS SO ORDERED this 27th day of June, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE