**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                        NO. 4:06CR00198 JLH

ANDRE KEITH DODDS                                                    DEFENDANT


**OPINION AND ORDER**

Andre Keith Dodds was charged in a superseding indictment with one count of being a felon

in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of distribution of crack

cocaine in violation of 21 U.S.C. § 841(a)(1).  The Court severed the two counts for trial so that

evidence of Dodds's prior convictions would not unfairly prejudice the jury on the charge of

distribution of crack cocaine.  The evidence at trial established that Dodds sold crack cocaine to a

witness who was cooperating with police in a controlled buy.  The jury convicted Dodds on the

charge of distribution of crack cocaine.  Dodds then entered a guilty plea to the charge of being a

felon in possession of a firearm.  He was found to be an armed career criminal pursuant to 18 U.S.C.

§ 924(e) and was sentenced to a term of 180 months imprisonment on each count to run

concurrently.  The Eighth Circuit affirmed on direct appeal.  *United States v. Dodds*, 351 F. App'x

151 (8th Cir. 2009).  Dodds filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct his sentence.  His motion asserts six grounds for relief, all of which are based on contentions

that his lawyer rendered ineffective assistance.  For reasons that will be explained, Dodds's motion

is denied.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his

lawyer's performance was deficient and that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695, 104 S. Ct. at 2068-69. In determining whether there is a reasonable probability that but for counsel's mistakes the result would have been different, the Court must consider the totality of the evidence before the judge or the jury. *Id*. at 695, 104 S. Ct. at 2069.

1.     **Ground 1. Trial counsel rendered ineffective assistance and movant was denied due process when trial counsel failed to present the testimony from the laboratory technician who performed the laboratory analysis and attested that the substance distributed by movant was 25.5714 grams of crack cocaine, which violated movant's Sixth Amendment right to confront any witness who provides testimony against him. Movant's appellate counsel rendered ineffective assistance when he failed to raise this issue on direct appeal.**

Dodds contends that his trial lawyer, Donald Warren, was ineffective because he permitted the introduction of laboratory results showing that the substance purchased in the controlled buy was crack cocaine. Dodds bases his argument on *Melendez-Diaz v. Massachusetts*, __ U.S. __, 129 S. Ct.

2527, 174 L. Ed. 2d 314 (2009). *Melendez-Diaz* arose out of a case in which a state court in

Massachusetts admitted into evidence affidavits reporting the results of forensic analysis showing

that material seized by police and connected to the defendant was cocaine.  The Supreme Court held

that those affidavits were testimonial so that the affiants were witnesses against the defendant, who

therefore had the right to be confronted with those witnesses under the Sixth Amendment.  Because

he had the right to be confronted with the persons who prepared the laboratory analyses in this case,

Dodds argues that Warren was ineffective for failing to object to the admission of the laboratory

results.

This case was tried on June 30, 2008.  The Supreme Court decided *Melendez-Diaz* on

June 25, 2009, almost one year later.  At the time this case was tried, the controlling Eighth Circuit

precedent provided that laboratory reports were admissible business records under Rule 803(6) of

the Federal Rules of Evidence, and because the business records exception was a firmly rooted

exception to the hearsay rule, the admission of the laboratory reports did not violate the confrontation

clause of the Sixth Amendment.  *United States v. Redd*, 318 F.3d 778, 783-84 (8th Cir. 2003);

*United States v. Roulette*, 75 F.3d 418, 422 (8th Cir. 1996); *United States v. Baker*, 855 F.2d 1353,

1359-60 (8th Cir. 1988).  Warren was not ineffective for failing to anticipate later decisions or

developments of the law.  *Sasser v. Norris*, 553 F.3d 1121, 1127 (8th Cir. 2009); *Parker v.*

*Bowersox*, 188 F.3d 923, 928-29 (8th Cir. 1999).

Moreover, Dodds has not alleged any facts that would show that he was prejudiced by

Warren's failure to object to the introduction of the laboratory results.  Dodds says that he was

prejudiced because the only evidence introduced to show that the substance was cocaine was the

laboratory analysis.  That argument ignores the fact that if Warren had objected to the introduction

of the laboratory results, the government could have called the person who prepared the laboratory results as a witness at trial.[1]  Dodds does not argue that the substance in question was something other than crack cocaine, nor is there any basis in the record for concluding that the substance was something other than crack cocaine.  The substance in question was the subject of a controlled buy arranged through a recorded telephone call with Dodds in which the cooperating witness arranged to purchase a quantity of crack cocaine.  The cooperating witness was searched before the controlled buy and found not to have any controlled substances on his person.  He was given money by law enforcement agents to make the controlled buy, went to Dodds's house, and consummated the transaction, which was a transaction for the purchase of crack cocaine.  Surveilling agents saw the cooperating witness enter and leave Dodds's residence.  The cooperating witness wore a recording device when he went to Dodds's residence and conducted the purchase.  A law enforcement agent involved in the controlled buy testified that the substance appeared to be crack cocaine.  Nothing in the record suggests that the substance that Dodds sold to the cooperating witness was something other than crack cocaine, nor does Dodds argue that it was something other than crack cocaine.

Because Dodds cannot establish that he was prejudiced by a failure to object to the admission of the laboratory reports, he cannot satisfy the second prong of the *Strickland* test.  *See, e.g.*, *Aragon-Hernandez v. United States*, Nos. CR 09-3040-MWB and CR 06-3061-MWB, 2010 WL 4595538, at *7 (N.D. Iowa Nov. 4, 2010).

---

[1] The Court will take judicial notice of the fact that the Arkansas State Crime Laboratory, where the forensic analysis was done, is in the City of Little Rock, approximately seven or eight miles from the United States Courthouse where Dodds was tried.

2. **Ground 2.  Counsel rendered ineffective assistance and movant was denied due process when counsel failed to properly object to the admissibility of tape recordings and the appellate counsel rendered ineffective assistance when he failed to raise this issue on direct appeal.**

As his second ground for relief, Dodds argues that his trial lawyer was ineffective for failing to make a proper objection to the tape recordings of conversations between him and the cooperating witness.  He contends that the actual tape recordings were never properly authenticated so admitting them violated Rule 901 of the Federal Rules of Evidence.  Dodds contends that, although his trial lawyer objected to the transcripts that were used as aids for the jury in following the audiotapes, he did not properly object to the audiotapes themselves.  The record reflects otherwise.  Dodds's lawyer objected both to the audiotapes and to the transcripts.  The Court overruled the objections and permitted the audiotapes, along with the transcripts, on the condition that a proper foundation be laid. The foundation was laid through the testimony of the cooperating witness who participated in the telephone conversations.  The cooperating witness testified that he had listened to the audiotapes in preparation for his testimony, that he had participated in the conversations contained on the audiotapes, and that he had reviewed the transcripts and made corrections wherever the transcripts were inaccurate.  The audiotapes were then played in open court, and the cooperating witness explained the conversations as the audiotapes were being played.

Dodds cannot establish either element of the *Strickland* test on his claim that his lawyer was ineffective for failing to object to the tape recordings.

3. **Ground 3.  Counsel rendered ineffective assistance and movant was denied due process when counsel failed to object to the improper identification testimony that was admitted into evidence at movant's trial, and appellate counsel was ineffective when he failed to raise this issue on direct appeal.**

Dodds next argues that his trial lawyer was ineffective for failing to object to testimony that

the cooperating witness identified him from a single photograph shown him by the law enforcement officer.  Dodds cites *Manson v. Brathwaite*, 432 U.S. 98, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977), as authority for the proposition that the identification of him by the cooperating witness was unreliable and therefore should have been excluded.

In *Manson v. Brathwaite*, the Supreme Court held that a court should look at the totality of the circumstances to determine whether an identification was reliable, considering the opportunity of the witness to view the subject, the degree of attention that he would have been paying, the accuracy of the description, the witness's level of certainty, and the time between the crime and the confrontation.  *Manson*, 432 U.S. at 114-15, 97 S. Ct. at 2253.  Here, the cooperating witness testified that he knew the defendant as "Dre" through someone else who lived in the same neighborhood.  He had previously gone in with that person to purchase cocaine or crack cocaine from "Dre."  On the occasion of the controlled buy, he made a telephone call to Dodds's telephone number to arrange the transaction.  He went to the residence where Dodds lived and was with him for several minutes while the transaction was consummated.  He had ample opportunity to see Dodds, and he saw him under circumstances in which he knew he was likely to be called as a witness.  He had no doubt that Dodds was the person from whom he purchased the crack cocaine.  Furthermore, there was no doubt about the fact that Dodds was the person from whom the cooperating witness made the controlled purchase.  Telephone calls were recorded between the cooperating witness and Dodds.  Law enforcement officers confirmed that the telephone number to which the calls were made was Dodds's telephone number.  The purchase was made at a residence that was confirmed to be Dodds's residence.  The cooperating witness knew Dodds independently of the controlled buy.  There is no basis for concluding that the identification of Dodds by the

6

cooperating witness was unreliable.   To the contrary, all of the evidence indicates that the

identification of Dodds by the cooperating witness was highly reliable.

Dodds cannot establish either element of the *Strickland* test on his claim that his lawyer was

ineffective for failing to object to the identification testimony.

4.      **Ground 4.  Counsel rendered ineffective assistance and movant was denied due process when counsel failed to object to the improper use of movant's prior convictions to enhance movant under the Armed Career Criminal Act, and movant's appellate counsel rendered ineffective assistance when he failed to raise this issue on direct appeal.**

Dodds next argues that his lawyer was ineffective at sentencing for failing to object to the

use of his prior convictions to enhance his sentence under 18 U.S.C. § 924(e).  He also argues that

his appellate counsel was ineffective for failing to raise the issue on direct appeal.

The presentence report showed that Dodds was convicted of two separate burglaries in 1981

and delivery of crack cocaine in 1992.  The two burglaries were deemed to be violent felonies, and

the delivery of crack cocaine was a serious drug offense.  Although Dodds's trial lawyer did not

object to the sentencing enhancement at the sentencing, his appellate lawyer raised the issue on direct

appeal.  The Eighth Circuit reached the issue on direct appeal, notwithstanding the fact that it had

not been raised below.  The Eighth Circuit stated:

> *2. The Sentencing Issue.*  The ACCA mandates a minimum fifteen-year prison sentence for a defendant who is convicted of being a felon in possession of a firearm and who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Serious drug offenses include state law convictions for drug distribution offenses "for which a maximum term of imprisonment of ten years or more is prescribed by law."  § 924(e)(2)(A)(ii).  Violent felonies include "burglary." § 924(e)(2)(B)(ii).
>
> Dodds was convicted in 1981 of two separate generic burglaries.  He was convicted in 1992 of delivering crack cocaine.  Though he was sentenced to only eight years in prison for the drug distribution offense, it is undisputed that it was

7

punishable by more than ten years in prison under state law.  Thus, Dodds has three prior qualifying convictions.  He argues, nonetheless, that he should not be sentenced as an armed career criminal because (i) the burglary convictions are too remote in time; (ii) his "serious drug offense" was based on a low-value transaction and was nonviolent; (iii) the firearm he unlawfully possessed was an old weapon belonging to his deceased uncle that he kept for sentimental reasons; and (iv) a 180-month sentence is excessive.

Whatever their intrinsic appeal, these are not contentions that permit a court to avoid imposing the statutory minimum sentence mandated by the ACCA.  (i) Unlike provisions of the advisory Guidelines that exclude stale convictions in determining criminal history category points, *see* U.S.S.G. § 4A1.2(e), the ACCA places no age limitations on qualifying convictions.  *See* U.S.S.G. § 4B1.4, comment. (n.1); *United States v. McConnell*, 916 F.2d 448, 450 (8th Cir. 1990) ("if Congress had envisioned a time limit, it would have incorporated it into the statute").  Thus, the 1981 burglary convictions must be counted.  (ii) The definition of serious drug offense requires neither a high-value nor a violent transaction.  Thus, under the categorical approach mandated for determining qualifying convictions under the ACCA, we may not look to the facts underlying Dodds's prior drug offense.  *See Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990). (iii) Similarly, we may not consider the facts underlying Dodds's conviction for being a felon in possession of a firearm in applying the ACCA.  By its terms, the statute applies to "a person who violates section 922(g)" and has three prior qualifying convictions.  (iv) A court may not refuse to impose a minimum sentence mandated by Congress on the ground it is excessive.

*Dodds*, 351 F. App'x at 153-54.  By holding that the two burglary convictions and the conviction of

crack cocaine were prior qualifying convictions, the Eighth Circuit has addressed this issue and ruled

against Dodds.  Dodds cannot establish either prong of the *Strickland* test with respect to his claim

that Warren rendered ineffective assistance of counsel for failing to object to the armed career

criminal sentencing enhancement.

5.  **Ground 5.  Counsel rendered ineffective assistance and movant was denied due process when counsel failed to provide movant with a copy of his presentence investigative report or allow movant to read the report prior to his sentencing and movant's appellate counsel was ineffective when he failed to raise this issue on direct appeal.**

The gist of Dodds's argument on this point is that he did not read the presentence report, and

8

Warren was ineffective for failing to make sure that he had read it and understood it. As Dodds

notes, the Court asked him at sentencing if he and his lawyer had gone over the presentence report,

and he said that they had. He now says that he had not read it, and if he had read it, he would have

objected to the enhancement under section 924(e). As prejudice, he contends that if he had read the

presentence report and understood that he was receiving an enhancement under section 924(e) he

would have objected. The problem is that his objection would have been overruled. As noted above,

the Eighth Circuit addressed the issue of whether he had three prior qualifying convictions and held

that he did. Therefore, he cannot show the prejudice element of the *Strickland* test.

**6.      Ground 6. Counsel rendered ineffective assistance and movant was denied due process when counsel misadvised movant as to his guilty plea making the plea involuntary and appellate counsel was ineffective when he failed to raise this issue on direct appeal.**

For his sixth ground for relief, Dodds contends that he was misinformed by his lawyer when

he entered his guilty plea on the felon in possession charge. He says that his lawyer informed him

that his prior convictions could not be used to enhance his sentence as a career criminal or under the

Armed Career Criminal Act. Relying on that advice, he says that he proceeded with his guilty plea.

He has submitted an affidavit stating that if he had known that his sentence would be enhanced under

the Armed Career Criminal Act, he would not have pled guilty but would have gone to trial.

When a criminal defendant contends that he received ineffective assistance of counsel in

connection with a guilty plea, the two part standard under *Strickland* is applied. *Hill v. Lockhart*,

474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea,

however, the prejudice element is satisfied when the defendant can show that he would have gone

to trial rather than pleading guilty had he received effective assistance of counsel. *Id*. at 59, 106 S.

Ct. at 370.

Despite his affidavit stating that he would not have entered a guilty plea and would have gone to trial had he known that his sentence could be enhanced under 18 U.S.C. § 924(e), Dodds cannot establish the prejudice element in this instance. At his change of plea hearing, the Court explained to Dodds the possibility that he might receive an enhancement under the Armed Career Criminal Act and did so twice.

> THE COURT:   If you plead guilty to Count 1, you're subject to a term of imprisonment of not more than ten years, supervised release of up to three years to follow, and total fines of up to $250,000. However, if you are determined to be an armed career criminal under 18 U.S.C. Section 924(e)(1), then you would be subject to a term of imprisonment with a minimum of 15 years and a maximum of life.
>
> To be an armed career criminal means that you'd have three or more convictions on different occasions for a violent felony or a serious drug offense. Now, I don't know whether you're going to fall in that category or not. I don't have any idea. But depending on what your criminal record is, you'll either have a maximum ten years or you'll have a minimum of 15 and a maximum of life.
>
> Do you understand that?
>
> THE DEFENDANT:   Yes, sir.

(Change of Pl. Tr. 7:8-23.) The second time the Court informed Dodds that he could be subject to an enhancement under the Armed Career Criminal Act, the explanation was more lengthy.

> THE COURT:   Now, there's a lot of uncertainty about what the sentence might ultimately be. And that's true both on the crime that you've been convicted of and the one that we're talking about here. And there are two reasons for that: Actually, in your case, there's three. But one of them is that nobody knows what findings are going to go into the presentence report that the probation officer is going to prepare. There will be a presentence report. He'll do an investigation about your background and your life and what you've been doing, and that report will be used to calculate a sentencing guideline range under the sentencing guidelines. Until that report has been calculated, been completed, and both sides have had a chance to object to the facts, nobody knows what that guideline range ultimately will be. And

any estimate that's been made by Ms. Hadden[2] or Mr. Warren or, for that matter, Mr. Walker,[3] could be mistaken, simply because they don't know what findings are going to go into that presentence report.

Now, another way in which there's uncertainty is that after the guideline range has been calculated, the judge is not bound by it. The Court could impose a sentence that's more severe or less severe than what's called for by the guidelines. And in your case, what you need to understand is, the Court could impose a sentence that's more severe than what's called for by the guidelines.

Now, do you understand those things I've just told you?

THE DEFENDANT:   Yes, sir.

THE COURT:   Now, the other thing, the third thing that's uncertain here is whether you have prior convictions of enough and the right kind of prior convictions of drug offenses and violent felonies to push you over into this armed career criminal status under the statute.

If you do and we can't – no one will know for sure until the presentence report had been done and you've had a chance to object to it and the government has had a chance to object to it, but until then, no one knows for sure. But if, in fact, you do have those three prior separate violent felonies or drug convictions, then you're going to be looking at a minimum of 15 years and a maximum of life. If you don't, then you're looking at a maximum of ten years. Now, that a big difference. And we don't know. We just don't know. Ms. Hadden doesn't know. Mr. Guerra, the probation officer, he doesn't know. Mr. Walker doesn't know. I don't know how that's going to come out. But it could come out either way. Do you understand that?

THE DEFENDANT:   Yes, sir.

(*Id.* 10:15-12:8.)

Dodds was under oath when he told the Court that he understood the explanation given of

the potential sentences. There is no doubt that Dodds knew that he could receive an enhancement

under the Armed Career Criminal Act, and there is no doubt that he knew that the minimum sentence

---

[2] Althea Hadden was Donald Warren's law partner. She appeared with Dodds at his change-of-plea hearing.

[3] Edward Walker is the Assistant United States Attorney who prosecuted Dodds.

that he would be facing if that happened would be fifteen years.  He decided to go ahead with the plea anyway.  It would make a mockery of the process to allow Dodds now to say that he did not understand that he could be enhanced under the Armed Career Criminal Act.

## CONCLUSION

For the reasons stated, the motion of Andre Keith Dodds to vacate, set aside, or correct his sentence is denied.  Document #73.  Dodds has failed to make a substantial showing of the denial of a constitutional right, so no certificate of appealability will be granted.  *Cf. Aragon-Hernandez*, 2010 WL 4595538, at *11.

IT IS SO ORDERED this 4th day of January, 2011.


_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE